UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD CREEL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　　Defendants. | No.  2:22–cv–1058–TLN–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND FINDINGS AND RECOMMENDATIONS TO DISMISS<br><br>(ECF No. 2.) |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted. See, e.g., Ketschau v. Byrne, 2019 WL 5266889, *1 (W.D. Wash. Oct. 17, 2019) ("A person is eligible if they are unable to pay the costs of filing and still provide the necessities of life . . . This generally includes . . . persons who are unemployed and dependent on government assistance.").

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

For the reasons that follow, the court recommends plaintiff's complaint be dismissed, and leave to amend be denied as futile.

**Legal Standards**

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2]

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not,

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Here, plaintiff's complaint names as defendants the Sacramento County Sheriff's Department, the Sacramento County Main Jail, and ten officers. (ECF No. 1 at 2-5.) In the statement of claim section, plaintiff describes two seemingly-separate instances. The first occurred in December of 2019, where plaintiff allegedly encountered a number of unnamed officers, first at a traffic stop and later in the jail. The second occurred in August of 2021, where plaintiff allegedly fought with his neighbors. (See ECF No. 1.)

Plaintiff does not state a basis for subject matter jurisdiction. The court finds diversity jurisdiction lacking, as plaintiff, the officers, and his neighbors all appear to be from California. Absent diversity of citizenship, federal-question jurisdiction is required, and "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Construing plaintiff's complaint liberally, if he intends to assert civil rights claims against any of these parties under 42 U.S.C. § 1983, his claims fail for one or another reason. Section 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States" against a person acting "under color of any statute, ordinance, regulation, custom, or usage." Gomez v. Toledo, 446 U.S. 635, 639 (1980). "Section 1983 is not itself a source of substantive rights; rather it provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393–94

(1989).  Thus, to state a claim for relief under Section 1983, a plaintiff must allege that the defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009).  The causation inquiry "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis added)  Plaintiff's complaint only generally describes the two encounters, without referring to any specific officer's actions, and so fails to state a claim against any officer or the department under Section 1983.  Further, any claims (either in the first or second encounter) concerning harassment, assault, battery or the like are rooted in state law, which do not provide for federal question jurisdiction.  Thus, the undersigned recommends dismissal of the claims as stated in the complaint.

      Ordinarily, the court liberally grants a pro se plaintiff leave to amend, and given that on first blush it would appear plaintiff could correct for these errors by supplying a little more information, one could argue amendment is proper.  See Lopez, 203 F.3d at 1130-31.  However, the detail plaintiff does provide ultimately demonstrates the futility of allowing for amendment.

      Concerning the first encounter, plaintiff alleges these events took place in December of 2019.  Section 1983 contains no statute of limitations, so federal courts in California typically apply the state's "statute of limitations for personal injury actions, along with the forum state's law regarding tolling."  Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007).  In California, personal injury claims must be brought within two years.  California Code of Civil Procedure § 335.1 (2020).  "Under federal law, a claim accrues when a plaintiff knows or has reason to know of the injury which is the basis of the action."  TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)).  Here, plaintiff's complaint was not filed until June of 2022, past the two-year mark from when he would have known of his encounter with the unnamed officers.  See, e.g., Shaw v. Sacramento Cty. Sheriff's Dep't, 810 F. App'x 553, 554 (9th Cir. 2020) (finding plaintiff's 1983 claim for excessive force time barred because it accrued at the time the force was used, which was more than two years prior to filing of complaint).

  Concerning the second encounter, plaintiff's complaint mainly describes an argument, brandishing of a sword, and fight with his neighbors.  (ECF No. 1.)  Generally speaking, constitutional claims cannot lie against private parties, and any state-law based claims against the neighbors can be brought in state court.  See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002).  Further, plaintiff's descriptions of law enforcement's actions in this second encounter do not rise to a level of Constitutional significance, as it appears he was arrested, and investigation was conducted, and he was released a couple days later after no charges were pressed.

  Thus, because the record here shows that plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the complaint, the court concludes that granting leave to amend would be futile.  Cahill, 80 F.3d at 339.

## RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE;
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  July 5, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

cree.1058